IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRENDA J. BAINES,

      Plaintiff,

      v.                                               Civil Action No. 20-1280-RGA-MPT

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

      Defendants.

**MEMORANDUM ORDER**

This is an appeal in a Social Security case. The parties cross-moved for summary judgment. (D.I. 16, 18). Plaintiff filed two briefs. (D.I. 17, 21). The Commissioner filed one. (D.I. 19). I referred the motions to a magistrate judge. (D.I. 22). The magistrate judge issued a Report and Recommendation. (D.I. 23). The magistrate judge recommended ruling for the Commissioner on all issues but one. The Commissioner has objected to that one recommendation (D.I. 24), to which Plaintiff has responded. (D.I. 25).

I review the magistrate judge's recommended ruling *de novo*.

The magistrate judge recommended I remand the case to the Commissioner to consider whether Plaintiff's "numerous medical and physical therapy appointments" would mean Plaintiff cannot "sustain regular and continuing work activity." (D.I. 23 at 12). The question arises because the Vocational Expert testified that "two absences [from work] per month due to health issues would not permit employment." (*Id*.). The ALJ said nothing about any impact Plaintiff's absences would have on her ability to sustain employment.

I note Plaintiff raised the issue in one paragraph of her opening brief. (D.I. 17 at 13). The Commissioner responded in one paragraph. (D.I. 19 at 16). The gist of the response was that the frequency of absences from work due to medical and therapy appointments is not a functional limitation, citing a non-precedential Eleventh Circuit opinion. (*Id.*). Plaintiff replied with three paragraphs, the gist of which was that Plaintiff was not arguing that it was a functional limitation, but that it was relevant to whether Plaintiff could perform sustained work. (D.I. 21 at 6-7). Plaintiff cited *Kangas v. Bowen*, 823 F.2d 775 (3d Cir. 1987).[1] Its holding was that the "fail[ure] to evaluate the effect of [plaintiff's] frequent hospitalizations on his ability to perform any work on a regular, continuing or sustained basis" required a remand for such an evaluation. *Id.* at 778.

The Commissioner's objections are nine pages long. (D.I. 24). The Commissioner leads off with the same one paragraph argument made in the briefing before the magistrate judge. (*Compare* D.I. 19 at 16 *with* D.I. 24 at 2). The balance of the argument is new material. Plaintiff responds with seven pages of argument. (D.I. 25).

In regard to the one argument that the Commissioner raised before the magistrate judge, I need to follow precedential Third Circuit opinions and not non-precedential opinions from other circuits. Thus, I overrule that portion of the objection.

As to the remainder of the argument in the objections, I decline to consider them. They were not raised before the magistrate judge. The Commissioner has not made any attempt to explain why the Commissioner's lengthy analysis was not made in the briefing before the magistrate judge. It has long been the practice that parties objecting to magistrate judges'

---

[1] Although Plaintiff did not cite *Kangas* in her opening brief, Plaintiff did cite a district court opinion for the same proposition, and the district court opinion cited *Kangas*. *See Todd v. Berryhill*, 2019 WL 1995494, *2 (D. Del. May 6, 2019).

recommended rulings may "not raise new legal/factual arguments" without showing good cause for the failure to raise them in front of the magistrate judge. *See, e.g.*, Standing Order for Objections Filed under Fed. R. Civ. P. 72, ¶5 (March 7, 2022); Standing Order for Objections Filed under Fed. R. Civ. P. 72, ¶5 (October 9, 2013) (same). The Commissioner has not attempted to show good cause.

Thus, I ADOPT the Report and Recommendation. (D.I. 23). Defendant's motion for summary judgment (D.I. 18) is DENIED. Plaintiff's motion for summary judgment (D.I. 16) is GRANTED. The case is REMANDED to the Commissioner for further administrative proceedings consistent with this Memorandum Order.

IT IS SO ORDERED this 11 day of March 2022.

/s/ Richard G. Andrews
United States District Judge